FILED
JUN 2 3 2010
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 10-40003 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| RYAN PATRICK SAILORS, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant moves to withdraw his guilty plea, which was accepted by the Court, and the Defendant also moves to dismiss the Superseding Indictment.

The Court can consider the Motion to Withdraw the Guilty Plea pursuant to FED. R. CRIM. P. 11(d)(2)(B) as the Court has not yet sentenced the Defendant. In addition, the Defendant has shown a fair and just reason for the withdrawal. Counsel for the Defendant alleges that he was in error in recommending that the Defendant plead guilty, as counsel for the Defendant now believes that one of the three elements necessary to state an offense under 18 U.S.C. § 2250(a) was missing, that being that the Defendant is required to register under the Sex Offender Registration and Notification Act. The Defendant points out that he pled guilty to statutory rape in violation of SDCL 22-22-1(5). The Defendant claims that the conviction does not constitute a sex offense under the provisions of 42 U.S.C. § 16911(5)(c) which provides that it is not a sex offense if the Defendant was not more than four years older than the victim and it was consensual sexual conduct. The Defendant and the United States agree that the Defendant was less than four years older than the victim.

The United States urges that this Court should look beyond the offense of conviction in State Court and consider the different offenses that the Defendant was charged with. In addition, the United States urges that this Court consider the Turner County Sheriff's Office narrative reports and

that as a result of these documents this Court should conclude that the offense of conviction involved a lack of consent even though the offense of conviction does not allege lack of consent and the Defendant did not admit any lack of consent.

The United States urges the Court to follow *United States v. Medicine Eagle*, 266 F.Supp.2d 1039 (D.S.D. 2003) (Report and Recommendation of United States Magistrate Judge Moreno adopted by Judge Kornmann.) The *Medicine Eagle* case recognized that the United States Supreme Court in *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) held that, in determining whether a prior offense is a felony for enhancement purposes, the sentencing court should ordinarily limit itself to the fact of conviction and the statutory definition of the prior offense, and that the Supreme Court allowed the sentencing court to look to the indictment or information and jury instructions to ascertain whether the defendant was convicted of a violent felony or some other type of offense. In *Medicine Eagle* the court relied upon the factual basis statement that the defendant gave the state court following his guilty plea. As a result, the holding in *Medicine Eagle* is consistent with *Taylor v. United States*. This was confirmed by *Shepard v. United States*, 544 U.S. 13, 16 (2005) and *United States v. Vasquez-Garcia*, 449 F.3d 870 (8th Cir. 2006). *Shepard* limited the inquiry regarding the prior conviction "to examining the statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."

The previous conviction is a far cry from what the United States urges here. The narrative reports from the Turner County Sheriff's Office are not court documents in the sense of *Taylor v. United States* and not among the documents which may be considered pursuant to *Shepard, supra* and *Vasquez-Garcia, supra*. In addition, in *Medicine Eagle* the facts relied upon were not in dispute. In the present case, what happened with regard to consent was in dispute according to the Sheriff's reports and that dispute could well have been the reason that the Defendant pled to a lesser offense where consent was not at issue.

Accordingly, this Court will not find from the charging document that there was lack of

consent where a lesser offense not involving a consent issue was that to which the Defendant pled guilty. In addition, the Court will not consider either law enforcement investigative reports nor will the Court consider other charges which were not the subject of Defendant's guilty plea. There is no Court finding nor is there any finding by a jury or even a submission to a jury or a Court on the question of consent. As a result, the Defendant will be allowed to withdraw his guilty plea and the Motion to Dismiss the Superseding Indictment will be granted. Accordingly,

IT IS ORDERED:

1. That the Defendant's Motion to Withdraw Guilty Plea, Doc. 26, is granted.

2. That the Defendant's Motion to Dismiss Superseding Indictment, Doc. 25, is granted.

Dated this 23rd day of June, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY