UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-40003 |
| Plaintiff, | GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING SUPERSEDING INDICTMENT |
| vs. | |
| RYAN PATRICK SAILORS, | |
| Defendant. | |

The United States respectfully requests that the Court reconsider its June 23, 2010, order granting the defendant's motion to dismiss the superseding indictment.

There are three reasons which merit reconsideration by the Court. First, whether the Government could prove the "sex offender" element of this SORNA charge is a question for the jury and not the district court. Second, when it determined the applicability of a statutory exception to the definition of "sex offense", the district court should have looked at the conduct of the underlying offense and not used an elements-only categorical approach. Third, there is no record or finding that affirmatively establishes that Sailors' conduct in the state-court offense for statutory rape was "consensual sexual conduct" as is required to satisfy the exception found at 42 U.S.C. § 16911(5)(c). Each of these reasons will be discussed below and are the basis for the government's request to

reconsider and deny the defendant's motion to dismiss the superseding indictment.

> **I.     The pre-trial issue involving the exception to the offense is a question for a jury to decide and not the District Court.**

The Federal Rules of Criminal Procedure do not "provide for a pretrial determination of sufficiency of the evidence." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (citation omitted). In this regard, the civil and criminal rules differ significantly:

> In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.... [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.

*Id.* (citing *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir.2000)).

In a prosecution under 18 U.S.C. § 2250, the defendant's status as a sex offender is an element which requires proof at trial[1]. *See United States v. May*, 535 F.3d 912, 920 (8th Cir. 2008) (listing essential elements). It is not a jurisdictional fact capable of determination by the district court prior to trial. Indeed, the Supreme Court recently clarified that "the matter of jurisdiction has only to do

---

[1] A sex offender under § 2250 is "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(a). Excepted from the definition of a sex offense is "[a]n offense involving consensual sexual conduct . . . if . . . the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 18 U.S.C. § 16911(5)(c).

with 'the court's statutory or constitutional *power* to adjudicate the case.'" *United States v. Cotton*, 535 U.S. 625, 630 (2002) (emphasis in original).  "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231. . . That's the beginning and the end of the 'jurisdictional' inquiry."  *Id.*;  *see also United States v. Stymiest*, 581 F.3d. 759, 762 (8th Cir. 2009) (a defendant's Indian status is an element in a § 1153 prosecution and cannot be determined by the district court prior to trial); *United States v. Pemberton*, 405 F.3d 656, 659 (8th Cir.2005) (same); *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (same for 18 U.S.C. § 1152 prosecution).

Here, the issue to be determined by a jury is whether the defendant is a "sex offender" who is required to register under federal law.  The district court has jurisdiction over the case under 18 U.S.C. §3231 because the charged conduct is a federal offense.  Further, the indictment properly alleged a federal offense – a point Sailors acknowledges.[2]  *See* Doc 27 at 2.  However, whether the Government could sustain its burden and prove the element at trial has no effect upon the district court's power to adjudicate the case prior to a jury trial.

---

[2] Sailors' admission in this regard also neutralizes his claim that the superseding indictment failed to state and offense.  *See United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009) (citations omitted) ("An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.").

A district court in the Middle District of Alabama reached the same conclusion in a SORNA case with facts that are remarkably similar to this case. *See United States v. Miller*, 694 F.Supp.2d 1259, 1267-1268 (M.D. Ala. 2010). In *Miller*, the defendant sought to withdraw his guilty plea by claiming he had improvidently entered it without realizing his earlier conviction could be excepted from the definition of a sex offense if it involved "consensual sexual conduct." 42 U.S.C. § 16911(5)(c). Although the district court allowed the defendant to withdraw his plea, it denied the motion to dismiss, concluding "there is no summary judgment procedure in criminal cases." *Id.* (quoting *United States v. Salmon*, 378 F.3d 1266, 1267 (11th Cir. 2004)).

**II.     Sailors' defense that his statutory rape conviction was excepted from the definition of "sex offense" under the provisions of 42 U.S.C. § 16911(5)(c) should be based on the conduct underlying his state court conviction and not the elements of the crime of conviction.**

The district court in *Miller* also determined that the categorical approach[3] used to analyze predicate convictions necessary for certain offenses and sentencing enhancements was inapplicable because § 16911(5)(c)'s "reference to 'conduct' . . . suggest[s] . . .that . . . it is the underlying 'conduct,' and not the elements of the [prior] conviction, that matter." *Id.* at 1268 (quoting *United States v. Mi Kyung Byum*, 539 F.3d 982, 992 (9th Cir. 2008)). This interpretation reflects the best reading of the statute, which appears to contemplate a defense to a

---

[3] *See Taylor v. United States*, 495 U.S. 575 (1990); *see also Shepard v. United States*, 544 U.S. 13 2005) (describing a modified categorical approach which allows a limited inquiry beyond the elements of the offense).

SORNA charge based on conduct -- "consensual sexual conduct."  Indeed, application of the elements-based categorical approach to determine the narrow question of § 16911(5)(c) applicability is problematic, in the first instance, because the provision does not even describe a type of offense, only an exception to one.

In this case, the government previously asked the district court to determine the defendant's conduct by examining police reports which evidenced a lack of consent associated with Sailors' statutory rape conviction.  The district court declined to do so.  Instead, it applied the categorical approach to determine whether Sailors' statutory rape was excepted from the definition of a sex offense.  Even if the district court could have considered the sex offender element prior to trial, it should have based its determination on the defendant's conduct, as prescribed by  § 16911(5)(c), rather than using the categorical approach of only examining the elements of the conviction.

### III. The defendant failed to establish that his statutory rape conviction involved "consensual sexual conduct."

In the Order dismissing the superseding indictment, the district court determined that a statutory rape conviction necessarily involved "consensual sexual conduct" because the offense did not contain an element of consent.  This, in turn, led the district court to conclude, by negative implication, that the statutory rape was consensual.  This determination, however, is unsustainable.

Even if the categorical approach could be utilized, a finding that a sexual encounter was consensual cannot follow from the absence of the element of

consent. In this case, the finding of "consensual sexual conduct" can not be inferred from the absence of such an element in the offense of conviction. As the Court stated in its Order, "[t]here is no Court finding nor is there any finding by a jury or even a submission to a jury or a Court on the question of consent." Therefore, there is no evidence before the Court that the defendant's state court conviction, in fact, involved "consensual sexual conduct."

## Conclusion

For all of the abovementioned reasons, the government requests that this Court reconsider it's ruling on the Defendant's Motion to Dismiss the Superseding Indictment and deny it.

Dated and electronically filed this   *20th*   day of July, 2010.

> BRENDAN V. JOHNSON
> United States Attorney
>   */s/ Jeffrey C. Clapper*
> Jeffrey C. Clapper
> Assistant United States Attorney
> P.O. Box 2638
> Sioux Falls, SD  57101-2638
> (605)330-4400
> jeff.clapper@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned attorney for the United States of America hereby certifies that on the 20th day of July, 2010, a true and correct copy of the foregoing was served by electronic filing or mailed by first-class mail to:

Timothy J. Langley --- via ECF

> */s/ Jeffrey C. Clapper*
> Jeffrey C. Clapper
> Assistant United States Attorney